1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,
                                             NO. CR. S-11-427 LKK
12              Plaintiff,

13      v.                                    O R D E R

14   ANGELA SHAVLOVSKY and
     VITALY TUZMAN,
15
                Defendants.
16   _____/

17       Defendant Shavlovsky appealed her conditional Release Order

18   (Dkt Nos. 25, 27 & 30), challenging the constitutionality of the

19   condition that she cooperate in the collection of her DNA sample

20   as a condition of release.  Tuzman, who was subjected to the same

21   condition of release, joined in Shavlovsky's appeal.[1] Dkt. No. 42.

22   The court declined to reach the constitutional question because

23   neither defendant was "in custody," and therefore the condition no

24   ───────────────────

25        [1]   The September 30, 2011 arraignment transcript makes clear
     that Magistrate Judge Newman subjected Tuzman to the "cooperation
     in DNA" release condition.  See U.S. v. Shavlovsky, 11-Cr-427-LKK,
26   (September 30, 2011 arraignment transcript) Dkt. No. 53 at 17.**]**

                                   1

1 longer applied, pursuant to U.S. v. Baker, 658 F.3d 1050, 1057 (9th

2 Cir. 2011).   The release order was amended to delete the DNA

3 cooperation condition.

4       Defendant Tuzman's DNA sample was taken by a Deputy U.S.

5 Marshal in the morning hours of September 30, 2011.   See Garcia

6 Decl. (Dkt. No. 76) ¶ 2 (Tuzman's DNA swab was taken at 8:00 am on

7 September 30, 2011).[2]  At the time, defendant had been placed under

8 arrest, he was held "in custody" by the U.S. Marshal Service, and

9 his arraignment would occur later that afternoon before Magistrate

10 Judge Newman.   It appears that the "compelled" taking of Tuzman's

11 DNA sample was carried out pursuant to 28 C.F.R. § 28.12(b)

12 (implementing 42 U.S.C. § 14135a(a)(1)(A)), which mandates that the

13 agency that "detains individuals ... facing charges" take an

14 arrestee's DNA sample, and apparently authorizes the use of force

15 if necessary.   See 28 C.F.R. § 28.12(d) ("Agencies required to

16 collect DNA samples under this section may use ... such means as

17 are reasonably necessary to detain, restrain and collect a

18 DNA sample from an individual described in paragraph ... (b)

19 of this section who refuses to cooperate in the collection of

20 the sample").

21       Tuzman has moved for the return of his DNA sample pursuant to

22

23       [2] Because there was some uncertainty about whether the sample
was actually taken or not, the court ordered the government to
clarify the situation.   The government has now filed a sworn
24 declaration confirming that a Deputy U.S. Marshal collected a DNA
sample from Tuzman "in compliance with processing procedures."
25 Dkt. No. 76 ¶ 2.   According to the declaration, the sample is in
a "locked cabinet," and "has not been submitted to the FBI or a
26 database."   Dkt. No. 76 ¶ 3.

1   Fed. R. Crim. P. 41(g) and <u>U.S. v. Comprehensive Drug Testing,</u>

2   <u>Inc.</u>, 621 F.3d 1162 (9th Cir. 2010) (*en banc*) (per curiam), arguing

3   that it was taken pursuant to an unlawful search and seizure.  The

4   court now orders:

5       1.   The briefing of all parties that has already been

6   submitted on co-defendant Shavlovsky's appeal of the conditional

7   Release Order – which required Shavlovsky to cooperate in the

8   collection of her DNA sample,[3] and which was joined by Tuzman – is

9   already before the court and need not be re-submitted and will be

10  considered in connection with Tuzman's motion to compel the return

11  of his DNA sample.[4]  Any party wishing to submit supplementary

12  briefing shall do so not later than two weeks from the date of this

13  order.

14      2.   Tuzman's motion for return of his DNA sample (Dkt.

15  No. 21), is hereby specially set for oral argument, on Wednesday,

16  December 21, 2011 at 10:00 am.

17      IT IS SO ORDERED.

18      DATED: December 1, 2011.

19                                  LAWRENCE K. KARLTON
                                    SENIOR JUDGE
20                                  UNITED STATES DISTRICT COURT

21      [3] This requirement is imposed by 18 U.S.C. § 3142(b), which
    provides that when an arrestee is to be released pre-trial, whether
22  on "personal recognizance," pursuant to an "unsecured appearance
    bond" as in this case, or "on conditions," the Magistrate Judge
23  must impose, as a condition of release, the requirement that the
    arrestee "cooperate in the collection of a DNA sample ... if the
24  collection of such sample is authorized pursuant to ... 42 U.S.C.
    § 14135a." 18 U.S.C. § 3142(b) & (c)(1)(A).
25
        [4] <u>See</u> Dkt. No. 77 (November 28, 2011) (Tuzman requests the
26  court to consider the Shavlovsky appeal briefs.)